**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4563

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NELSON CONTO,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:19-cr-00183-RJC-DCK-2)

Submitted:  December 21, 2021                                    Decided:  January 25, 2022

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Samuel B. Winthrop, WINTHROP & GAINES MESSICK, PLLC, Statesville, North Carolina, for Appellant.  William T. Stetzer, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A grand jury charged Nelson Conto with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; bank fraud, in violation of 18 U.S.C. § 1344(2); and aggravated identity theft, in violation of 18 U.S.C. § 1082A.  After trial, the jury convicted Conto of the conspiracy and bank fraud counts but acquitted Conto of the identity theft count.  The district court sentenced Conto to 41 months of imprisonment.  On appeal, Conto challenges the district court's denial of his motion in limine seeking the admission of evidence and argues that the court's loss calculation was clearly erroneous.  We affirm.

A district court's ruling under Fed R. Evid. 106 is reviewed for abuse of discretion. *United States v. Hassan*, 742 F.3d 104, 135 (4th Cir. 2014).  Rule 106 provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."  Rule 106 aims "to prevent a party from misleading the jury by allowing into the record relevant portions of the excluded testimony which clarify or explain the part already received."  *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996).  However, Rule 106 does not "render admissible the evidence which is otherwise inadmissible under the hearsay rules."  *Id.* "Nor does it require the admission of self-serving, exculpatory statements made by a party which are being sought for admission by that same party."  *United States v. Lentz*, 524 F.3d 501, 526 (4th Cir. 2008) (internal quotation marks omitted).

On appeal, Conto argues that the district court abused its discretion in admitting excerpts of a recorded post-arrest interview of Conto without admitting the full recording.

2

However, Conto has consistently failed to explain how any of the excerpted statements admitted at trial were misleading or lacking context. Moreover, the statements Conto proffered would constitute self-serving, exculpatory hearsay if he had been permitted to introduce them. Therefore, we conclude that the district court did not abuse its discretion.

Turning to Conto's sentencing argument, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). To pass this review, the sentence must be both procedurally and substantively reasonable. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. "When reviewing whether a district court properly calculated the Guidelines range we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Lawing*, 703 F.3d 229, 241 (4th Cir. 2012) (internal quotation marks omitted). "A finding is clearly erroneous [only] when although there is evidence to support it, [we] on the entire evidence [are] left with the definite and firm conviction that a mistake has been committed." *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 1113 (2020).

The Guidelines instruct that to calculate a loss amount, the district court must take the larger of actual or intended loss. U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(A). The Guidelines commentary defines "intended loss" as "the pecuniary harm that the defendant purposely sought to inflict." USSG § 2B1.1 cmt. n.3(A)(ii). The loss must

3

have been reasonably foreseeable, meaning "that the defendant knew or, under the circumstances, reasonably should have known" that the loss was a potential result of the offense. USSG § 2B1.1 cmt. n.3(A)(iv). "The [district] court need only make a reasonable estimate of the loss." USSG § 2B1.1 cmt. n.3(C). In cases "involving jointly undertaken criminal activity, a particular loss may be attributed to a defendant if it results from the conduct of others so long as the conduct was in furtherance of, and reasonably foreseeable in connection with the criminal activity." *United States v. Otuya*, 720 F.3d 183, 191 (4th Cir. 2013) (internal quotation marks omitted).

Conto argues that the district court erred by counting losses directly attributed to his coconspirators against him without explaining which coconspirator's losses were being counted or why they were attributable to Conto. However, Conto fails to show clear error in the district court's determination that he played more than a minor role in the conspiracy. Moreover, the district court reasonably concluded that Conto could have foreseen the conspiracy's breadth, particularly given Conto's own action in recruiting at least one new member into the conspiracy. Finally, we conclude that the district court made "a reasonable estimate of the loss" in calculating the total amount of loss from the conspiracy. *See* USSG § 2B1.1 cmt. n.3(C).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4